Transbulk Carriers v. Guerra 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-079-CV

     TRANSBULK CARRIERS, INC.,
                                                                                              Appellant
     v.

     RAUL GUERRA,
                                                                                              Appellee
 

From the Probate & County Court
Galveston County, Texas
Trial Court # 39,799
                                                                                                    

O P I N I O N
                                                                                                    

      Transbulk Carriers appeals the imposition of a "death penalty" sanction—the striking of
Transbulk's pleadings and the entry of a $46,600 default judgment against it—for alleged
discovery abuse. Using the guidelines established by the Supreme Court in Transamerican
Natural Gas Corporation v. Powell, we hold that the sanction was not "appropriate." See
Transamerican Natural Gas Corporation v. Powell, 811 S.W.2d 913, 916 n.4 (Tex. 1991). 
      Raul Guerra was injured while working aboard a ship owned by Transbulk Carriers, Inc. On
March 8, 1991, Guerra served Transbulk with interrogatories and requests for production. 
Receiving no response ninety days after service of the discovery, Guerra moved for discovery
sanctions on June 10, 1991. Two days later, on June 12, 1991, without a hearing, the court
granted the motion and struck Transbulk's pleadings. After the court entered a default judgment
against Transbulk, a jury found damages totalling $46,600. Transbulk then filed a motion for new
trial, which was overruled.
      Transbulk appeals on two points. First, Transbulk contends that the trial court abused its
discretion in striking its pleadings and entering a default judgment for discovery abuse. Second,
the court erred in the imposition of prejudgment interest on a jury verdict based in part on the
Jones Act.
RULE 215 SANCTIONS
      A sanction imposed for discovery abuse must always be "appropriate" under the circumstances
of the specific case. See Tex. R. Civ. P. 215; Transamerican Natural Gas Corporation, 811 S.W.
2d 913, 916 n.4 (Tex. 1991). In Transamerican, the Supreme Court said "appropriate" and "just"
are equivalent standards. Transamerican, 811 S.W.2d at 916 n.4. A two-step analysis is used
to determine if a sanction is "appropriate." Chrysler Corp. v. Honorable Robert Blackmon, 36
Tex. Sup. Ct. J. 76, 80 (October 17, 1992). First, a direct relationship between the offensive
conduct and the sanction imposed must exist; and second, the sanction imposed must not be
excessive. Id. Thus, "the punishment must meet the crime." Id. A discovery-abuse sanction,
therefore, should be no more severe than necessary to satisfy its legitimate purpose. Id. In other
words, a court must first consider relatively less stringent sanctions to determine whether lesser
sanctions will fully promote compliance, deterrence, and discourage further abuse. Id. Ultimate
penalties, such as exclusion of essential evidence, striking pleadings, dismissal, and default, should
be "the exception rather than the rule." Lassiter v. Shavor, No. 05-91-00452-CV (Tex.
App.—Dallas, Jan. 21, 1992, n.w.h.). 
      In Chrysler, the Supreme Court determined that the trial court's actions failed to meet the
sanctions standards in four ways. Chrysler, 36 Tex. Sup. Ct. J. at 81. The trial court in this case
has failed in the same four ways. First, there is no direct relationship between the offensive
conduct and the sanction imposed. See id. The sanction must be directed against the abuse and
toward remedying the prejudice caused an innocent party. Id. We agree that failure to comply
with discovery can prejudice a party's efforts to assert or defend a claim. But here, there has been
no showing that Guerra is unable to prepare for trial without compliance by Transbulk with the
discovery requests. However, Guerra would be prejudiced by the expenditure of attorneys' fees
and expenses in pursuing motions to compel discovery and sanctions. Reimbursement of those
expenses would appear to be better calculated to remedy the abuse than death-penalty sanctions.
      Second, striking Transbulk's pleadings and rendering a default judgment on liability is more
severe than necessary to satisfy the legitimate purposes of sanctions for discovery abuse. The
legitimate purposes of discovery sanctions are: (1) to secure compliance with discovery rules; (2)
to deter other litigants from similar misconduct; and (3) to punish violators. Id. at 80. These
goals could have been fulfilled in a less stringent manner.
      Third, no lesser sanction was first imposed. Courts must consider less harsh sanctions first
and determine whether the lesser sanctions will fully promote compliance, deterrence, and
discourage further abuse. Id. at 81.
      Fourth, unless the court finds that the sanctioned party's conduct "justifies a presumption that
its claims or defenses lack merit and that it would be unjust to permit the party to present the
substance of that position [which is the subject of the withheld discovery] before the court" death
penalty sanctions should not be used to deny a trial on the merits Id. This record does not justify
such a presumption. Nor do we find evidence of flagrant bad faith or counsel's callous disregard
for the obligations of discovery.
      Under this record, we conclude that the "death penalty" did not meet the Chrysler or
Transamerican guidelines. See id.; Transamerican, 811 S.W.2d at 916. This resulted in an abuse
of discretion requiring reversal of the judgments. See Walker et al., v. The Honorable Anne
Packer, 35 Tex. Sup. Ct. J. 468, 472 (February 22, 1992). We sustain point one.
      We do not reach the second point of error. The judgment is reversed, and the cause is
remanded for further proceedings in accordance with this opinion. 
                                                                                 PER CURIAM

Before Justice Cummings, 
          Justice Vance, and
          (Chief Justice Thomas not participating)
Reversed and remanded
Opinion delivered and filed December 9, 1992
Do not publish



n style="font-size: 12pt">                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 30, 1994
Do not publish